857 F.2d 1475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Billy Gene MAPLES, Defendant-Appellant.
 No. 88-5007.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1988.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and HERMAN J. WEBER, District Judge.*
 PER CURIAM:
 
 
 1
 Appellant Billy Gene Maples seeks reversal of his conviction on drug charges based upon claimed error committed by the district court in permitting the prosecutor to argue that admissions made by Maples' codefendant for purposes of an entrapment defense might be considered evidence of Maples' guilt. Maples also challenges the imposition of a thirteen year sentence on the three counts of drug offenses, objecting particularly to imposition of a sentence of equal length upon him as upon his codefendant Shafer. We affirm the convictions and sentence imposed.
 
 
 2
 Maples and his codefendant Shafer were indicted for conspiring to distribute 500 pounds or more of cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846. A separate count charged them with aiding and abetting each other in the drug offense. The indictment additionally charged Maples with traveling in interstate commerce to promote the distribution of cocaine in violation of 18 U.S.C. Sec. 1952(a).
 
 
 3
 The evidence relevant to the establishment of Maples' guilt adduced at trial on these cocaine distribution charges was substantial. In late July of 1987 an individual cooperating with the Tennessee Bureau of Investigation (TBI) and the Drug Enforcement Administration (DEA) began negotiating with Shafer in Tennessee to purchase kilogram quantities of cocaine. During the course of the negotiations, Shafer on several occasions told the cooperating individual, Lynwood Ridley, that he would contact his cocaine supplier at certain times, and then at those times placed telephone calls to Maples' residence in Calument City, Illinois. Shafer also told Ridley that it would take his supplier eight or nine hours to reach the Chattanooga area where the planned cocaine transfer was to take place. It would take about nine hours to drive from Maples' residence in Calumet City to Chattanooga.
 
 
 4
 Telephone records reflected that during the evening and night hours of August 3, 1987, numerous calls were placed between Shafer and Maples' residence. The next day, Maples arrived in Lenoir City, Tennessee, located approximately one hour north of Chattanooga, Tennessee. At Shafer's direction, on that same day, Ridley rented a motel room in East Ridge, Tennessee, a small city adjoining Chattanooga. Shafer joined Maples at his hotel room and from a phone booth at the motel, called Ridley in East Ridge, Tennessee. Shafer advised Ridley that his supplier had arrived and was having car trouble. At the time Maples checked into his motel, he also told the motel clerk that he was having car trouble. Shafer and Ridley set a meeting time at Ridley's East Ridge motel.
 
 
 5
 Maples and Shafer arrived together at the East Ridge motel in Shafer's car. Maples waited outside while Shafer proceeded to complete the cocaine transaction. Following payment to Shafer and his delivery of approximately one kilogram of cocaine to Ridley and an undercover DEA agent working with him, both Shafer and Maples were arrested. The arresting agent discovered $8,240 in cash and a key to the Lenoir City motel room on Maples' person. Maples consented to a search of his vehicle and his Lenoir City motel room. The search of Maples' vehicle yielded $16,500 in cash stored in a Tupperware container. TBI agents also attempted to start Maples' vehicle but discovered that Maples' car would not start. The search of Maples' motel room yielded a similar Tupperware container, a proper size to hold a kilogram of cocaine, containing trace amounts of white powder subsequently analyzed and determined to be cocaine.
 
 
 6
 Shafer's counsel made it clear at the beginning of the trial that Shafer was relying upon the defense of entrapment and did not deny that he possessed and sold a kilogram of cocaine to Ridley on August 4, 1987. Maples' counsel neither objected to this argument nor sought a severance. Instead, Maples felt that there was insufficient evidence to prove he was Shafer's supplier, inferring that he had come to Tennessee en route to the Bahamas to gamble.[1] At the close of all of the evidence and before closing argument or the charging of the jury, Shafer sought an instruction on his entrapment defense, which the district court was disposed to deny.[2] The district court agreed, however, to instruct the jury with regard to the entrapment defense so long as Shafer's counsel admitted on Shafer's behalf all of the elements of the crimes. This occurred before the change in the entrapment law in this circuit effectuated by Mathews v. United States, 108 S.Ct. 883 (1988).
 
 
 7
 Shafer's counsel then made the following statement in his closing remarks to the jury:
 
 
 8
 Mr. Shafer admits to each and every element of the indictment before him that he is charged with. He admits to the conspiracy, he admits to the attempted sale, he admits to the intent required for the crime.
 
 
 9
 This concession was significantly more inclusive than the statements made by Shafer's counsel during his opening remarks. During his opening statement, Shafer's counsel had indicated only that Shafer admitted that he had possessed and sold the cocaine involved.
 
 
 10
 During his rebuttal argument, the prosecutor made the following statement:
 
 
 11
 There is another interesting thing which will lead me into Maples, the discussion about Maples, because the factual context now of this case is very curious, because Mr. Shafer has now admitted before you every fact of this indictment. He has now admitted that he sold cocaine, he conspired to sell cocaine, and with who? With this man. This man has now admitted all those facts. And he asks you to let him go because he was entrapped, but he admits he sold cocaine to Mr. Maples.... He has not only admitted conspiracy, he has also admitted to the substantive count that he possessed cocaine with Mr. Maples.
 
 
 12
 Maples' counsel promptly lodged an objection on the grounds that it was "improper argument" as to Maples. The district court, however, overruled the objection and made no precautionary remarks to the jury.
 
 
 13
 The jury returned a verdict of guilty on all counts. At sentencing, the government sought increased punishment for Shafer under 21 U.S.C. Sec. 841(d)(1)(B) because of a prior drug related felony conviction and a further prior criminal record. The government argued at sentencing that Maples had committed perjury in suppression hearings before the court, had no record of a legitimate source of income, was at a higher level of drug distribution than Shafer, and was proven by seized tapes to be involved in other drug activity. Without stating its reasons, the district court sentenced both defendants to the same period of thirteen years imprisonment on counts 1 and 2 of the indictment, the conspiracy and aiding and abetting charges. Maples was additionally sentenced to a period of five years imprisonment on count 3 of the indictment. All sentences were to run concurrently. The district court also ordered that Maples be placed upon supervised release for a lesser period than Shafer.
 
 
 14
 Maples filed a timely notice of appeal, basing it primarily upon alleged prosecutorial misconduct and, in addition, seeks either a reduction in the length of his sentences under counts 1 and 2 of the indictment, or remand for resentencing.
 
 I. Improper Prosecutorial Argument
 
 15
 Maples contends that the prosecutor's use in closing rebuttal argument of Shafer's admissions as evidence against Maples constituted prosecutorial misconduct because it was equivalent to a violation of the rule announced in Bruton v. United States, 391 U.S. 123 (1968). While the prosecutor did not shift the burden to Maples to produce witnesses to prove his innocence, as was the case in United States v. Pollard, 790 F.2d 1309 (7th Cir.1986), which in any event was overruled by United States v. Sblendorio, 830 F.2d 1382 (7th Cir.1987), cert. denied 108 S.Ct. 1034 (1988), or did United States v. Vergas, 583 F.2d 380 (7th Cir.1978), we agree that the prosecutor's argument was improper and constituted error under the circumstances.
 
 
 16
 We believe that the prosecutor improperly attempted to capitalize upon Shafer's concessions made by his counsel by claiming these admissions were proof of Maples' guilt contrary to Bruton principles. Admission of a non-testifying codefendant's incriminating confession at a joint trial deprives the defendant of his confrontation rights. Even clear instructions to the jury to consider admissions or a confession only against the codefendant may be insufficient to cure this error.
 
 
 17
 Maples' counsel did not object to the admissions themselves as a violation of the Bruton rule, nor did he seek a severance at the closing argument. The issue to be decided is whether the prosecutor's attempt to capitalize upon Shafer's admissions constitutes reversible error, or whether it should be deemed harmless error under all the circumstances.
 
 
 18
 "To warrant a new trial ... prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial." United States v. Krebs, 788 F.2d 1166, 1177 (6th Cir.), cert. denied 107 S.Ct. 400 (1986) (citation omitted). The alleged misconduct must be viewed in the context of the entire record in order to determine whether it affected the fairness of the trial. United States v. Causey, 834 F.2d 1277, 1284 (6th Cir.1987), cert. denied 108 S.Ct. 2019 (1988); Krebs, 788 F.2d at 177.[3] In determining whether this prosecutorial misconduct warrants a new trial, we must consider whether on this record, it can be said to be harmless. Krebs, 788 F.2d at 1177. "[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24 (1967).
 
 
 19
 In light of the isolated nature of the prosecutor's comment, the fact that earlier admissions had already been made by Shafer's counsel to the jury, and given the overwhelming nature of the evidence against Maples, we conclude that the prosecutor's conduct, although it implicated Maples' right to confrontation, was harmless beyond a reasonable doubt. See United States v. Petit, 841 F.2d 1546 (11th Cir.1988) (applying harmless error analysis to Bruton violation).
 
 II. Sentencing
 
 20
 Our role in reviewing a sentence is limited to determining whether the defendant has presented a clear and convincing case of abuse of discretion on the part of the judge. United States v. Wrehe, 628 F.2d 1079 (6th Cir.1980). Maples does not claim that his sentences were disproportionate to the crimes for which he was convicted. Rather, he simply argues that the district court abused its discretion in sentencing him to the same length of imprisonment imposed upon Shafer. Clearly, the district court had ample reason to sentence Maples as it did, and the sentence was well within the statutory limits. Further, Maples' sentence was imposed prior to the effective date of 18 U.S.C. Sec. 3553. See United States v. Golomb, 811 F.2d 787, 790-91 (2d Cir.1987). The district court was therefore not required to articulate the basis for its sentencing decision. We find no basis to disturb it.
 
 
 21
 We therefore AFFIRM the conviction and sentences of appellant Maples for the reasons stated.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Maples did not testify; his "theory" or innocent explanation was advanced through cross-examination of other witnesses. He contends that he had no prior criminal offenses prior to this indictment, unlike Shafer
 
 
 [2]
 Shafer had not testified and had therefore not made any admissions in evidence as to the elements of the crimes that he was charged with committing
 
 
 [3]
 The government contends that because Maples' objection to the allegedly improper argument was not sufficiently specific under Fed.R.Crim.P. 51, Maples must therefore demonstrate that the district court's allowance of the argument constitutes a plain error. We apply harmless error analysis to what occurred because a sufficient objection was made by Maples' counsel